911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stoney TAYLOR, Plaintiff-Appellant,
v.
Jerry WILKIE, Officer Tim Coker, Defendants-Appellees.
 No. 89-6584.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1990.
 
 E.D.Tenn., No. 89-00551; Jordan, J.
 
 
 1
 E.D.Tenn.
 
 
 2
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 3
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and EUGENE E. SILER, Jr.,* Chief District Judge.
 
 ORDER
 
 4
 Stoney Taylor, a pro se Tennessee prisoner, appeals the district court's judgment dismissing his claim filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking monetary and declaratory relief, Taylor sued Jerry Wilkie and Tim Coker, two corrections officers at Morgan County Regional Correctional Facility. Taylor alleged that the defendants violated his constitutional right of access to the courts and his eighth amendment rights.
 
 
 6
 The district court granted the defendants summary judgment, holding that they did not violate Taylor's constitutional rights. Taylor filed a timely appeal. In his brief, he requests the appointment of counsel.
 
 
 7
 The district court properly granted summary judgment for the defendants as to Taylor's claim of denial of access to the courts, since there was no genuine issue of material fact regarding this claim and the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The facility's reasonable restrictions on access to the law library did not violate Taylor's right of access to the courts. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 However, the district court improperly granted summary judgment as to Taylor's eighth amendment claim. Taylor's verified complaint constitutes an opposing affidavit to defendants' motion for summary judgment. See Hooks v. Hooks, 771 F.2d 935, 945-46 (6th Cir.1985). The allegations in Taylor's complaint create a genuine issue of material fact, despite the fact that defendants have filed an opposing affidavit. Taylor need not show actual, serious injury to recover for an eighth amendment violation. Parrish v. Johnson, 800 F.2d 600, 609-10 (6th Cir.1986).
 
 
 9
 Accordingly, we deny Taylor's request for counsel. We affirm the district court's grant of summary judgment to the extent of Taylor's access to court claim. Rule 9(b)(5), Rules of the Sixth Circuit. However, to the extent the district court granted summary judgment on Taylor's eighth amendment claim, we vacate the judgment and remand the case for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation